1 | SEYFARTH SHAW LLP
2 | Richard P. McArdle (*pro hac vice application forthcoming*)
  | E-mail:  rmcardle@seyfarth.com
  | Willis Tower
3 | 233 S. Wacker Drive, Suite 8000
  | Chicago, Illinois 60606-6448
4 | Telephone:     (866) 460-3476
  | Facsimile:     (312) 460-7000
5 |
  | SEYFARTH SHAW LLP
6 | Kelly L. Knudson (SBN 244445)
  | E-mail:  kknudson@seyfarth.com
7 | Robin E. Devaux (SBN 233444)
  | E-mail:  rdevaux@seyfarth.com
8 | 560 Mission Street, 31st Floor
  | San Francisco, California 94105
9 | Telephone:     (415) 397-2823
  | Facsimile:     (415) 397-8549
10 |
11 | Attorneys for Defendant
   | UMPQUA BANK

12

13 | UNITED STATES DISTRICT COURT

14 | NORTHERN DISTRICT OF CALIFORNIA

15

| | |
|---|---|
| KATHY BATTERSBY, | Case No. _____ |
| Plaintiff, | **DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446 (DIVERSITY JURISDICTION)** |
| v. | |
| UMPQUA BANK; and DOES 1 through 50, | |
| Defendant. | Complaint filed:  September 30, 2020 |
| | Removal from Superior Court of California, County of Napa; Case No.: 20CV000969 |

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Umpqua Bank ("Umpqua") hereby removes the above-entitled action from the Superior Court of the State of California in and for the County of Napa, to the United States District Court for the Northern District of California. This Court has original subject matter jurisdiction over Plaintiff's lawsuit under 28 U.S.C. § 1332(a) because complete diversity exists and the amount in controversy exceeds $75,000. Accordingly, removal is proper on the following grounds:

## BACKGROUND

1.      On or about September 30, 2020, Plaintiff Kathy Battersby ("Plaintiff") filed a Complaint against Umpqua in the Superior Court of the State of California, County of Napa, Case No. 20CV000969 (the "Complaint"). A true and correct copy of the Summons, Complaint, and related process, pleadings, and orders served on Umpqua with the Summons are attached hereto as **Exhibit A**.

2.      The Complaint purports to assert claims for relief arising out of Plaintiff's employment with Umpqua. Specifically, Plaintiff brings claims alleging: (1) "Retaliation for Making Racial Harassment and Discrimination Claim in Violation of California Government Code Section 12940(h)"; (2) "Disability Discrimination, Failure to Accommodate Disability, and Failure to Engage in the Interactive Process"; (3) "Tortious Discharge in Violation of Public Policy"; and (4) "Failure to Produce Personnel Records in Violation of California Labor Code Section 1198.5."

3.      On October 30, 2020, Umpqua filed an Answer to the Complaint in the Superior Court of the State of California, County of Napa. A true and correct copy of the Answer is attached hereto as **Exhibit B**.

4.      Exhibits A-B constitute all pleadings, process, and orders served on Umpqua and filed by Umpqua in this action.

## TIMELINESS OF REMOVAL

5.      Plaintiff served the Summons and Complaint on Umpqua on October 1, 2020. This Notice of Removal is timely because thirty days from the date of service upon Umpqua of a copy of

1

1   the Summons and Complaint was October 31, 2020, which was a Saturday, and Umpqua is filing its

2   Notice of Removal on the next weekday, *i.e.*, November 2, 2020. *See* 28 U.S.C. § 1446 (b); Fed. R.

3   Civ. P. 6(a)(1)(C) (where last day falls on a Saturday, Sunday, or legal holiday, the "period continues

4   to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"); *see also Murphy*

5   *Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353-56 (1999) (thirty-day removal period

6   begins when defendant is formally served).

## DIVERSITY JURISDICTION UNDER 28 U.S.C. §1332(A)

### *COMPLETE DIVERSE CITIZENSHIP OF THE PARTIES*

**A.**   **Plaintiff's Citizenship**

6.   Plaintiff alleges, and Umpqua is informed and believes, that Plaintiff is, and at all times since the commencement of this action has been, a citizen and resident of the State of California. To establish citizenship for diversity purposes, a natural person must be both (a) a citizen of the United States and (b) a domiciliary of one particular state. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is *prima facie* evidence of domicile. *Zavala v. Deutsche Bank Tr. Co. Americas*, No. C 13-1040 LB, 2013 WL 3474760, at *3 (N.D. Cal. July 10, 2013) (*citing State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)). Umpqua is informed and believes, and on that basis alleges, that Plaintiff was domiciled in California while she worked for Umpqua in California and remained domiciled in California at the time the Complaint was filed and now at the time of this removal to federal court. Complaint, ¶ 1 ("Plaintiff KATHY BATTERSBY…is a competent adult, and at all relevant times has been a resident of the State of California, County of Solano."). Plaintiff therefore is, and was at the commencement of this civil action, a citizen of California.

**B.**   **Umpqua's Citizenship**

7.   Umpqua is now, and was at the time of the filing of this action, a citizen of a State other than California within the meaning of 28 U.S.C. § 1332(c)(1). For diversity purposes, "a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of its 'principal place of business.'" *Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (*citing* 28 U.S.C. 1332(c)(1)).

8.      More recently, the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77 (2010), held that a corporate entity's "principal place of business" for determining its citizenship is its "nerve center":

> We conclude that "principal place of business" is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities.  It is the place that Courts of Appeals have called the corporation's "nerve center." ***And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center"*** ....

*Id*. at 92-93 (emphasis added). *See Ho v. Ikon Office Solutions, Inc.*, 143 F. Supp. 2d 1163, 1168 (N.D. Cal. 2001) (nerve center found to be location where corporation's headquarters was located, where the corporate officers worked, and from where corporate policies and procedures arose). Thus, the "nerve center" is where "its executive and administrative functions are performed." *Industrial Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092-93 (9th Cir. 1990).

9.      Umpqua is now, and ever since this action commenced has been, incorporated under the laws of the State of Oregon, with its principal place of business in Roseburg, Oregon. *See* Declaration of Ruth Rosenbaum, ¶ 4. Because Roseburg is the site of Umpqua's corporate headquarters and executive offices, and Oregon is the state in which Umpqua's high level officers direct, control, and coordinate Umpqua Bank's activities, its "nerve center" is in Oregon. Accordingly, Umpqua is, and has been at all times since this action commenced, a citizen of Oregon, not California.

**C.      Doe Defendants**

10.      Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *See Fristos v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of Doe defendants 1 through 50, inclusive, does not deprive this Court of jurisdiction.

## *AMOUNT IN CONTROVERSY EXCEEDS $75,000*

11.      While Umpqua denies any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because, based on a preponderance of the evidence, the amount in

3

controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000 based on the allegations, claims, and prayer for relief set forth in the Complaint. *Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 699 (9th Cir. 2007) (an action may be removed if the defendant establishes, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional amount); *Sanchez v. Monumental Life Ins. Co.,* 102 F.3d 398, 404 (9th Cir. 1996) (in order to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount, the defendant must provide evidence establishing that it is "more likely than not" that the amount in controversy exceeds that amount).

12.    **Alleged Lost Wages:** Plaintiff alleges that as a result of the alleged disability discrimination, retaliation, and wrongful termination of her employment, she has "suffered and will continue to incur economic damages" in an unspecified amount. Complaint, ¶ 24, *see also id.* ¶¶ 34, 44, Prayer ¶ 1. Plaintiff seeks to recover past and future loss of earnings and makes no allegation in her Complaint that she has found other work, let alone that it pays the same salary that she received at Umpqua. At the time of her discharge, Plaintiff's base salary as a Store Manager II on an annualized basis was $75,000. Rosenbaum Decl., ¶ 3. Plaintiff's employment with Umpqua terminated on October 21, 2019. *Id.*; Complaint, ¶ 9. Thus, to date, Plaintiff claims approximately twelve months of back pay that would amount to at least $75,000 (her annual salary). Assuming a conservative trial date of October 2021 (one year from the date of removal), Plaintiff's back pay claim would be for 24 months, or $150,000. Thus, the amount placed in controversy by Plaintiff's wrongful termination claim independently exceeds the jurisdictional minimum.

13.    **Emotional Distress Damages:** In addition, Plaintiff alleges that she "has suffered and will continue to…suffer non-economic damages based on embarrassment, upset, humiliation, mental anguish, emotional distress…" Complaint, ¶ 24, *see also id.* ¶¶ 34, 44, Prayer ¶ 2. The emotional distress component of Plaintiff's alleged damages must be considered in determining whether the amount in controversy requirement has been established. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Further, a defendant may use damage awards in other cases to establish that the amount in controversy exceeds $75,000. *See Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002). Juries in California have awarded well in excess of $75,000 for emotional distress

4

1   damages in cases with similar FEHA allegations to this one. *See, e.g.*, *Rez v. City of Los Angeles,*

2   2000 WL 1084639 (Los Angeles County Superior Court, June 15, 2000) (jury awarded plaintiff in a

3   national origin and religious discrimination case $1,000,000, of which $350,000 was for non-

4   economic damages); *Elliott v. City of Gardena*, 2001 WL 1255712 (Los Angeles County Superior

5   Court, July 23, 2001) (jury awarded plaintiff $1,650,000 in a discrimination and retaliation case

6   where the plaintiff's only claimed injury was emotional distress damages); *Leimandt v. Mega RV*

7   *Corp.*, 2011 WL 2912831 (Orange County Superior Court) (jury awarded $385,000 in pain and

8   suffering to employee in age discrimination case). These awards demonstrate that, for diversity

9   purposes, the value of Plaintiff's emotional distress damages exceeds the $75,000 amount in

10  controversy requirement on its own.

11        14.    **Attorneys' Fees:** The Complaint also alleges that Plaintiff is entitled to recover

12  attorneys' fees under the Fair Employment and Housing Act and the California Labor Code.

13  Complaint, ¶¶ 25, 38, 50, Prayer ¶ 4. Requests for attorneys' fees should be taken into account in

14  ascertaining the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir.

15  1998) (claims for attorneys' fees are to be included in amount of controversy, regardless of whether

16  award is discretionary or mandatory). District Courts in California, including this Court, have

17  determined that a reasonable rate for employment cases is $300 per hour, *Brady v. Mercedes-Benz*

18  *USA, Inc.*, 243 F. Supp. 2d 1004, 1011 (N.D. Cal. 2002), and that "100 hours is an appropriate and

19  conservative estimate" of the number of hours to be expended through trial for employment cases,

20  *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB AJWX, 2015 WL 898468, at *6 (C.D.

21  Cal. Mar. 3, 2015). Applying those conservative assumptions here would lead to an attorneys' fee

22  award of $30,000 (*i.e.*, $300 x 100 hours).

23        15.    **Punitive Damages:** The Complaint also alleges that Plaintiff is entitled to recover

24  punitive damages. Complaint, ¶¶ 26, 40, 45, Prayer ¶ 3. Punitive damages should be considered when

25  determining the amount in controversy. *See Simmons*, 209 F. Supp. 2d at 1033 (recognizing that jury

26  verdicts in other similar cases in California "amply demonstrate the potential for large punitive

27  damage awards in employment discrimination cases."). Thus, if Plaintiff is able to prove her claims at

28  trial, it is reasonable to conclude that Plaintiff will seek, and a jury may award, in excess of $75,000

1    for punitive damages.

2    16.    For each of the foregoing reasons, while Umpqua denies any liability as to Plaintiff's

3    claims, it is "more likely than not" that the amount in controversy exceeds $75,000, exclusive of

4    interest and costs, as required by 28 U.S.C. § 1332(a).

5    **VENUE**

6    17.    Venue lies in the Northern District of California pursuant to 28 U.S.C. sections 1441,

7    1446(a), and 84(a). This action was originally brought in the Superior Court of the State of

8    California, County of Napa, and the Umpqua branch where Plaintiff worked is located in the County

9    of Napa, City of Napa. Complaint, ¶¶ 3-4, 9.

10    **INTRADISTRICT ASSIGNMENT**

11    18.    Plaintiff alleges that her claims arose in the County of Napa. Complaint, ¶¶ 3-4, 9.

12    Assignment to the San Francisco or Oakland divisions of this Court is therefore proper under Local

13    Rule 3-2.

14    **NOTICE OF REMOVAL**

15    19.    This Notice of Removal will be promptly served on Plaintiff and filed with the Clerk

16    of the Superior Court of the State of California in and for the County of Napa.

17    20.    In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process,

18    pleadings, and orders" from the state court action served on Umpqua or filed by Umpqua are attached

19    hereto as Exhibits A-B.

20    **PRAYER FOR REMOVAL**

21    **WHEREFORE**, Umpqua requests that the above action pending before the Superior Court of

22    the State of California for the County of Napa be removed to the United States District Court for the

23    Northern District of California.

24    Dated: November 2, 2020                     Respectfully submitted,

25                                                SEYFARTH SHAW LLP

26

27    By:_____
                                                Kelly L. Knudson
                                                Robin E. Devaux
28                                              Attorneys for Defendant UMPQUA BANK

6

---

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT
CASE NO. _____

# *Exhibit A*

*Exhibit A*

 CT Corporation

**Service of Process Transmittal**
10/01/2020
CT Log Number 538335401

TO:   Debbie Hall, Legal Assistant
      Umpqua Bank
      13535 SW 72nd Ave Ste 110
      Tigard, OR 97223-8135

RE:   **Process Served in California**

FOR:  Umpqua Bank  (Domestic State: OR)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | KATHY BATTERSBY, PLTF. vs. UMPQUA BANK, ET AL., DFTS. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 20CV000969 |
| **NATURE OF ACTION:** | Employee Litigation - Wrongful Termination |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/01/2020 at 02:34 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780109482752<br><br>Image SOP<br><br>Email Notification,  Susan Rich  susanrich@umpquabank.com<br><br>Email Notification,  Debbie Hall  debbiehall@umpquabank.com<br><br>Email Notification,  Andrew Ognall  andrewognall@umpquabank.com<br><br>Email Notification,  Andy Hannon  Andyhannon@umpquabank.com<br><br>Email Notification,  Chris Fowler  chrisfowler@umpquabank.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>208 LaSalle Ave<br>Suite 814<br>Chicago, IL 60604 |
| **For Questions:** | 866-539-8692<br>CorporationTeam@wolterskluwer.com |

Page 1 of  1 / NS

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Thu, Oct 1, 2020

**Server Name:**                   Jimmy Lizama

Entity Served                      UMPQUA BANK

Agent Name                         C T CORPORATION SYSTEM

Case Number                        20CV000969

Jurisdiction                       CA



20CV000969
Napa Civil

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:** UMPQUA BANK; and Does 1 through 50, inclusive.
*(AVISO AL DEMANDADO):*

**YOU ARE BEING SUED BY PLAINTIFF:** KATHY BATTERSBY
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

| FOR COURT USE ONLY |
| --- |
| *(SOLO PARA USO DE LA CORTE)* |
| FILED |
| 9/30/2020 11:53 AM |
| Clerk of the Napa Superior Court |
| By: Isabel Rodriguez, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
| --- | --- |
| *(El nombre y dirección de la corte es):* Napa Superior Court | *(Número del Caso):* 20CV000969 |

825 Brown St
Napa, CA 94559

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
RANDAL M BARNUM, LAW OFFICES OF RANDAL M. BARNUM
279 East H Street, BENICIA, CA 94510                                                                              (707) 745-3747

DATE: 9/30/2020                          Clerk, by                          Isabel Rodriguez                          , Deputy
*(Fecha):*                                *(Secretario)*                                                               *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

Robert E. Fleshman

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☒ on behalf of *(specify):* **Umpqua Bank**

  under: ☒ CCP 416.10 (corporation)               ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

1  Randal M. Barnum     State Bar No. 111287
2  Jenna R. Avila         State Bar No. 307639
   LAW OFFICES OF RANDAL M. BARNUM
3  279 East H Street
   Benicia, CA 94510
4  Telephone:    707.745.3747
   Facsimile:    707.745.4580
5  rbarnum@rmblaw.com
6  jnunes@rmblaw.com

7  Attorneys for Plaintiff KATHY BATTERSBY

FILED
9/30/2020 11:53 AM
Clerk of the Napa Superior Court
By: Isabel Rodriguez, Deputy

8

9              SUPERIOR COURT, STATE OF CALIFORNIA

10                       COUNTY OF NAPA

11                  (UNLIMITED JURISDICTION)

12

13  KATHY BATTERSBY,                    CASE NO. 20CV000969

14           Plaintiff,                 COMPLAINT FOR DAMAGES FOR
                                        RETALIATION FOR SUBMITTING
         v.                             COMPLAINTS OF RACIAL
15                                      DISCRIMINATION; DISABILITY
    UMPQUA BANK; and Does 1 through 50, DISCRIMINATION, FAILURE TO
16  inclusive,                          ACCOMMODATE DISABILITY, FAILURE
                                        TO ENGAGE IN THE INTERACTIVE
17           Defendant.                 PROCESS, TORTIOUS DISCHARGE IN
                                        VIOLATION OF PUBLIC POLICY, AND
18                                      VIOLATION OF CALIFORNIA LABOR
19                                      CODE SECTION 1198.5

20

21                                      DEMAND FOR JURY TRIAL

22

23

24       Plaintiff KATHY BATTERSBY complains and alleges as follows:

25                       **PARTIES AND JURISDICTION**

26       1.    Plaintiff KATHY BATTERSBY (hereinafter "Plaintiff") is a competent adult, and

27  at all relevant times has been a resident of the State of California, County of Solano.

28       2.    Plaintiff was formerly employed by Defendant UMPQUA BANK (hereinafter

                                    - 1 -
                          COMPLAINT FOR DAMAGES

1 | "Defendant").

2 |     3.    Plaintiff is informed and believes, and based thereon alleges, that Defendant is a
3 | corporation authorized to do business in the State of California and is and was at all relevant
4 | times herein doing business in the State of California, County of Napa.

5 |     4.    The employment which forms the basis of Plaintiff's complaint was made in and
6 | performed in the State of California, County of Napa.

7 |     5.    Defendant is and at all relevant times was an employer of Plaintiff within the
8 | meaning of California Government Code Section 12926(d), and, subject to suit under the
9 | California Fair Employment and Housing Act, Government Code Section 12900 et seq.
10 | (hereinafter "FEHA").  As Defendant is an employer within the meaning of FEHA, Defendant is
11 | required by California Government Code Section 12940 et. seq. not to discriminate against an
12 | employee based on her disability, to engage in the interactive process to provide reasonable
13 | accommodations, and to provide reasonable accommodations to a disabled employee.  Under the
14 | FEHA, Defendant is also prohibited from retaliating against Plaintiff based on a protected
15 | complaint of harassment and is required to engage in a reasonable investigation of a complaint
16 | of harassment.

17 |     6.    The true names and capacities of the Defendants named herein as Does 1 through
18 | 50 inclusive, whether individual, corporate, associate or otherwise, are unknown to Plaintiff at
19 | this time.  Plaintiff therefore sues those Defendants by fictitious names pursuant to California
20 | Code of Civil Procedure Section 474.  Plaintiff is informed and believes and thereon alleges that
21 | each of these fictitiously named Defendants is an employee and/or agent of Defendant and, in
22 | doing the things alleged herein, was acting within the course and scope of such employment
23 | and/or agency, and is responsible for the occurrences and injuries herein alleged. Plaintiff will
24 | amend this complaint to allege their true names and capacities when they have been determined.

25 |     7.    Plaintiff has exhausted all required administrative and/or statutory remedies
26 | required of her prior to commencing this civil action.  Plaintiff timely filed a Complaint of
27 | Discrimination under the Provisions of the FEHA against Defendant for disability
28 | discrimination, failure to accommodate, failure to engage in the interactive process, and

- 2 -
COMPLAINT FOR DAMAGES

1   retaliation for engaging in protected activities and received a "Notice of Case Closure" (Right-to-

2   Sue Notice) from the California Department of Fair Employment and Housing ("DFEH") on

3   May 19, 2020, allowing her to proceed with the subject action.

4         8.     Unless otherwise provided, each cause of action set forth below is alleged against

5   each and every Defendant, including the Doe Defendants.

6                                 **FACTUAL ALLEGATIONS**

7         9.     Plaintiff is a Black/African American woman who was formerly employed as a

8   Manager for Defendant at its Bel Aire Plaza branch, located in Napa.   Prior to Defendant's

9   wrongful termination of Plaintiff's employment effective October 21, 2019, Plaintiff had been

10   employed by Defendant for approximately two and one-half years.

11        10.     During the time that she worked for Defendant, Plaintiff was subject to

12   discrimination and harassment by her supervisor, Linda Carlson ("Carlson"), Defendant's Vice

13   President and Area Manager.  Plaintiff is informed and believes, and based thereon alleges, that

14   the discrimination and harassment of Plaintiff was motivated by Plaintiff's race.  The conduct of

15   Carlson that was discriminatory and harassing included:

16               •   Unfairly criticizing Plaintiff for unsatisfactory production although the branch

17                   where Plaintiff worked was chronically understaffed, which was acknowledged

18                   by Defendant and well-documented;

19               •   Unfairly criticizing Plaintiff for refusing to confirm that the transfer of personal

20                   banker Josh Keen ("Keen") from Plaintiff's branch to another branch met specific

21                   criteria, which it did not;

22               •   Waiving the transfer requirements for Keen in conjunction with the resignation of

23                   another branch employee and the termination of a third branch employee, leaving

24                   Plaintiff's branch critically short staffed;

25               •   Falsely claiming that Plaintiff did not leave her office to assist a customer with a

26                   transaction when Plaintiff did assist the customer;

27               •   Falsely claiming that Plaintiff failed to perform "one-on-ones" with employees

28                   when in fact Plaintiff not only performed them, but sent documentation to Carlson

1    regarding the one-on-one discussions; and

2    • Claiming that employees and customers made complaints about Plaintiff without

3    providing any specific information to substantiate the alleged complaints or

4    instructing Plaintiff on how to do better.

5    11.    To further harass and discriminate against Plaintiff, Carlson consistently delivered

6    her criticisms of Plaintiff on Fridays or the days before Plaintiff was scheduled to be away from

7    work, knowing that Plaintiff would be unable to respond to the criticisms in a timely manner.

8    12.    Based on the harassing and discriminatory actions of Carlson, Plaintiff had a

9    reasonable belief that Defendant was subjecting her to harassment and discrimination because of

10   her race.

11   13.    On October 15, 2019, Plaintiff verbally complained to Kelly England

12   ("England"), Defendant's Senior Vice President, Retail Regional Director, of the discrimination

13   and harassment to which she had been subjected by Carlson.  On October 16, 2019, Plaintiff

14   confirmed her complaint of harassment and discrimination in an email to England.

15   14.    In her October 16, 2019 email to England, Plaintiff also requested that Defendant

16   conduct a full and thorough investigation of her complaints of harassment and discrimination.

17   15.    Rather than conducting a full and complete investigation into Plaintiff's

18   complaints of harassment and discrimination, Defendant further discriminated and retaliated

19   against Plaintiff by terminating Plaintiff's employment effective October 21, 2019 based on

20   Plaintiff's claims of racial harassment and discrimination.

21   16.    After transmitting the October 16, 2019 email to England, Plaintiff was suffering

22   stress and anxiety by the situation that she also submitted a workers' compensation claim to

23   Defendant on that same date. Stress and anxiety is a qualified disability under the Fair

24   Employment and Housing Act. After receiving the workers' compensation claim, Defendant did

25   not engage in the legally required interactive process with Plaintiff to ascertain whether Plaintiff

26   required reasonable accommodation.

27   17.    Rather than engaging in the legally required interactive process with Plaintiff,

28   Defendant wrongfully and arbitrarily terminated Plaintiff's employment based on her disability

- 4 -
COMPLAINT FOR DAMAGES

effective October 21, 2019 to discriminate against Plaintiff based on her disability, to retaliate against Plaintiff for requiring a reasonable accommodation based on her disability, and to avoid its legal obligation to reasonably accommodate Plaintiff's disability.

18.    On October 29, 2019, Plaintiff's counsel submitted a written request to Defendant's counsel to obtain the complete copy of Plaintiff's personnel records pursuant to California Labor Code Section 1198.5.   Defendant has not produced a complete copy of Plaintiff's personnel records to date.

**FIRST CAUSE OF ACTION**
**(Retaliation for Making Racial Harassment and Discrimination Claim in Violation of California Government Code Section 12940(h))**

19.    Plaintiff hereby realleges and incorporates herein by reference the allegations of paragraphs 1 through 18, above.

20.    Plaintiff was at all material times herein an employee of Defendant covered by California Government Code Sections 12940.  Defendant is, and at all material times hereto, an employer within the meaning of California Government Code Sections 12926(d) and 12940.

21.    California Government Code Section 12940(h) makes it unlawful "[f]or any employer...to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part."   The Fair Employment and Housing Commission's regulations provide: "It is unlawful for an employer or other covered entity to demote, suspend, reduce, fail to hire or consider for hire, fail to give equal consideration in making employment decisions, fail to treat impartially in the context of any recommendations for subsequent employment which the employer or other covered entity may make, adversely affect working conditions or otherwise deny any employment benefit to an individual because that individual has opposed practices prohibited by the Act...." Cal. Code Reg. § 7287.8(a).

22.    California Code of Regulations Section 7287.8 prohibits an employer from retaliating against an employee for "opposing employment practices which an individual reasonably believes to exist and believes to be a violation of the [FEHA]." Cal. Code Reg. § 7287.8(a)(1)(C).   Government Code Section 12940 "protects an employee against unlawful

1  discrimination with respect not only to so-called ultimate employment actions such as
2  termination or demotion, but also the entire spectrum of employment actions that are reasonably
3  likely to adversely and materially affect an employee's job performance or opportunity for
4  advancement in his or her career... [T]he phrase 'terms, conditions, or privileges' of employment
5  must be interpreted liberally....." (*Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028, 1053-
6  1054.)

7      23.    Here, Plaintiff engaged in activities protected by the FEHA by complaining of
8  racial harassment and discrimination in violation of FEHA.  On the heels of Plaintiff's
9  complaints, Defendant subsequently took adverse employment action against Plaintiff by
10  terminating Plaintiff's employment, thereby establishing a causal connection between the
11  protected activity and the adverse employment action.

12      24.    As a proximate and legal result of Defendant's retaliation of Plaintiff in violation
13  of California Government Code Section 12940 (h), Plaintiff has suffered and will continue to
14  incur economic damages and suffer non-economic damages based on embarrassment, upset,
15  humiliation, mental anguish, emotional distress, all to Plaintiff's damage in an amount according
16  to proof, and which amount is within the jurisdiction of an unlimited civil case.

17      25.    As a result of Defendant's discriminatory and retaliatory acts and statutory
18  violations as alleged herein, Plaintiff is also entitled to reasonable attorney's fees and costs
19  incurred in this action, included as provided by California Government Code Section 12965(b).

20      26.    Defendant's actions were malicious, oppressive and in conscious disregard of
21  Plaintiff's rights, entitling Plaintiff to an award of punitive damages against Defendant.

22      WHEREFORE, Plaintiff requests relief as hereinafter provided.

23  

**SECOND CAUSE OF ACTION**
**(Disability Discrimination, Failure to Accommodate Disability, and Failure to Engage in**
24  **the Interactive Process)**

25      27.    Plaintiff hereby realleges and incorporates herein by reference the allegations of
26  paragraphs 1 through 26 above.

27      28.    At all times during Plaintiff's employment with Defendant the California Fair
28  Employment and Housing Act (FEHA) (Govt. Code §12900 et seq.) applied to Plaintiff's

employment. The FEHA prohibits employment discrimination on the basis of "physical disability, mental disability and medical condition." Govt. Code §12940(a). "Mental disability" under the FEHA includes but is not limited to "any mental or psychological disorder or condition, . . . such as . . . emotional or mental illness . . . that limits a major life activity." Govt. Code § 12926(i)(1). The legislature has stated its intent that "disability" be construed broadly so that applicants and employees are protected from discrimination due to "actual or perceived physical or mental impairment that is disabling, potentially disabling, or perceived as disabling or potentially disabling." Govt. Code §12926.1(b). (emphasis added).

29.    Stress and anxiety are qualified mental disabilities and are included in the broad definition of a qualified "disability."

30.    The FEHA requires only that the employee have a disability that limits a major life activity. Working is a major life activity. An employee is regarded as disabled whether the employee cannot perform "a particular employment or class or broad range of employments." Govt. Code Section 12926.1(c). Plaintiff's mental disability, stress, limited her ability to work and other major life activities. Accordingly, Plaintiff's disabilities are protected under the FEHA.

31.    Defendant engaged in disability discrimination of Plaintiff and has violated the above-referenced statutes by failing to accommodate Plaintiff's disabilities and terminating Plaintiff's employment to discriminate against Plaintiff based on her disabilities and to avoid its legal obligation to reasonably accommodate Plaintiff's disabilities.

32.    "It is an unlawful employment practice...for an employer or other entity...to fail to make reasonable accommodation for the known physical or mental disability of an applicant or employee." California Government Code §12940(m). The failure to engage in the interactive process is an independent cause of action under Government Code 12940(n). An employer must engage in a "timely, good faith, interactive process . . . in response to a request for a reasonable accommodation by an employee or applicant with a known physical or mental disability or non-medical condition." California Government Code §12940(n). Defendant was aware that Plaintiff suffered from a mental disability for which she required reasonable accommodations.

- 7 -

1   However, Defendant did not engage in the interactive process to reasonably accommodate

2   Plaintiff's disability.  Rather, Defendant avoided its legal obligation to reasonably accommodate

3   Plaintiff by terminating Plaintiff's employment effective October 21, 2019, without engaging

4   Plaintiff in the interactive process and because of Plaintiff's disability.

5         33.     Defendant's above-referenced disability discrimination, failure to accommodate

6   Plaintiff's disabilities, and failure to engage in the interactive process with Plaintiff, all constitute

7   violations of the above-referenced provisions of the FEHA as codified in California Government

8   Code Section 12940 et seq.

9         34.     As a proximate and legal result of Defendant's disability discrimination, failure to

10  accommodate Plaintiff's disabilities, and failure to engage in the interactive process with

11  Plaintiff, all in violation of Government Code Section 12940 et seq. and the FEHA, Plaintiff has

12  suffered and continues to suffer substantial losses in wages, earnings, deferred compensation and

13  other employment benefits which she would have received absent Defendant's wrongful

14  termination of Plaintiff's employment.   Plaintiff has also suffered and continues to suffer

15  emotional distress, embarrassment, humiliation and mental anguish, which injuries exceed the

16  normal risks of the employment relationship, all to her damage in an amount according to proof,

17  but which amount Plaintiff is informed and believes and thereon alleges is an amount within the

18  jurisdiction of an unlimited civil case.

19        35.     As a result of Defendant's disability discrimination, failure to accommodate

20  Plaintiff's disabilities, and failure to engage in the interactive process with Plaintiff, Plaintiff has

21  been required to retain an attorney, and to incur attorney's fees and costs in pursuing this action.

22  Plaintiff is entitled to recover her reasonable attorney's fees and costs incurred herein pursuant to

23  California Government Code Section 12965(b).

24        36.     Defendant's actions were malicious, oppressive and fraudulent, entitling Plaintiff

25  to an award of punitive damages against Defendant.

26        37.     As a proximate and legal result of Defendant's discrimination of Plaintiff in

27  violation of California Government Code §§ 12926(k) and 12940, Plaintiff has suffered and

28  continues to suffer substantial losses incurred in lost wages, earnings and other employment

1 | benefits and has suffered and continues to suffer embarrassment, upset, humiliation, mental

2 | anguish and emotional distress, all to her damage in an amount according to proof.

3 |        38.    As a result of Defendant's discriminatory acts and statutory violations as alleged

4 | herein, Plaintiff is also entitled to reasonable attorney's fees and costs incurred in this action,

5 | included as provided by California Government Code § 12965(b).

6 |        39.    As a proximate and legal result of Defendant's discrimination of Plaintiff in

7 | violation of California Government Code §§ 12926(k) and 12940, Plaintiff has suffered and will

8 | continue to suffer substantial losses in past and future wages, earnings, bonuses, deferred

9 | compensation and other employment benefits which he would have received absent Defendant's

10 | discriminatory acts and statutory violations, plus expenses incurred in obtaining substitute

11 | employment, all to Plaintiff's damages in an amount according to proof.

12 |        40.    Defendant's actions were malicious, oppressive and in conscious disregard of

13 | Plaintiff's rights, entitling Plaintiff to an award of punitive damages against Defendant.

14 |       WHEREFORE, Plaintiff requests relief as hereinafter provided.

15 | **THIRD CAUSE OF ACTION**
16 | **(Tortious Discharge in Violation of Public Policy)**

17 |        41.    Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1

18 | through 40 above.

19 |        42.  The California Fair Employment and Housing Act (FEHA), codified in Government

20 | Code Section 12940 et seq. and its relevant subparts, is a statute which establishes the

21 | fundamental public policy of the State of California.

22 |        43.    As alleged above, Defendant's conduct violated the FEHA.    Therefore,

23 | Defendant's termination of Plaintiff's employment constitutes a tortious discharge in violation of

24 | public policy.

25 |        44.    As a proximate and legal result of Defendant's tortious discharge of Plaintiff in

26 | violation of public policy, Plaintiff has suffered and continues to suffer substantial losses in

27 | wages, earnings and other employment benefits which she would have received absent

28 | Defendant's wrongful termination of Plaintiff's employment.    Plaintiff has also suffered and

1   continues to suffer emotional distress, embarrassment, humiliation and mental anguish, which

2   injuries exceed the normal risks of the employment relationship, all to her damage, in an amount

3   according to proof, but which Plaintiff is informed and believes thereon alleges is an amount

4   within the jurisdiction of an unlimited civil case.

5        45.     Defendant's actions toward Plaintiff were malicious, oppressive and in conscious

6   disregard of Plaintiff's rights entitling Plaintiff to an award of punitive damages.

7        WHEREFORE, Plaintiff requests relief as hereinafter provided.

8

### FOURTH CAUSE OF ACTION
**(Failure to Produce Personnel Records in Violation of California Labor Code Section 1198.5)**

9

10       46.     Plaintiff hereby realleges and incorporates herein by reference the allegations of

11  paragraphs 1 through 45 above.

12       47.     At all times during Plaintiff's employment with Defendant, California Labor

13  Code Section 1198.5 was in effect and applicable to Plaintiff.  California Labor Code Section

14  1198.5 provides in pertinent part as follows:

15

16  > Upon a written request from a current or former employee, or his
    > or her representative, the employer shall also provide a copy of the
17  > personnel records, at a charge not to exceed the actual cost of
    > reproduction, not later than 30 calendar days from the date the
18  > employer receives the request, unless the current or former
    > employee, or his or her representative, and the employer agree in
19  > writing to a date beyond 30 calendar days to produce a copy of the
    > records, as long as the agreed-upon date does not exceed 35
20  > calendar days from the employer's receipt of the written request.

21       48.     As set forth above, on October 29, 2019, Plaintiff's counsel submitted a written

22  request to Defendant's Human Resources Department to obtain the complete copy of Plaintiff's

23  personnel records pursuant to California Labor Code Section 1198.5.  Defendant has not

24  produced a complete copy of Plaintiff's personnel records to date in violation of California Labor

25  Code Section 1198.5(b).  Defendant provided a partial production which was not complete.

26  Accordingly, Plaintiff is entitled to and requests a penalty of seven hundred fifty dollars ($750)

27  pursuant to California Labor Code Section 1198.5(k).

28

49.     Plaintiff requests injunctive relief to obtain compliance with this section pursuant to California Labor Code Section 1198.5(l).

50.     Plaintiff also requests an award of reasonable costs and attorney's fees incurred in this action pursuant to California Labor Code Section 1198.5(l) in an amount according to proof.

WHEREFORE, Plaintiff requests relief as follows:

1.     For an award of economic compensatory damages including loss of earnings and other employment benefits in amounts according to proof;

2.     For an award of non-economic compensatory damages for losses resulting from humiliation, mental anguish, and emotional distress in an amount according to proof;

3.     For punitive damages in an amount according to proof;

4.     For an award of attorney's fees and costs incurred herein in amounts according to proof;

5.     For a penalty in the amount of seven hundred fifty dollars ($750) pursuant to California Labor Code Section 1198.5(k);

6.     For injunctive relief to obtain a complete copy of Plaintiff's personnel records pursuant to California Labor Code Section 1198.5(l); and

7.     For such other and further relief as the court may deem proper.

Dated: August 30, 2020          LAW OFFICES OF RANDAL M. BARNUM

                                By: _____
                                    Randal M. Barnum
                                    Jenna R. Avila
                                    Attorneys for Plaintiff
                                    KATHY BATTERSBY

- 11 -
COMPLAINT FOR DAMAGES

1

2

### **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands that this action be tried before a jury.

Dated: August 30, 2020

LAW OFFICES OF RANDAL M. BARNUM

By: _Randal M. Barnum_
Randal M. Barnum
Jenna R. Avila
Attorneys for Plaintiff
KATHY BATTERSBY

COMPLAINT FOR DAMAGES

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Randal M. Barnum; Jenna R. Avila    SBN : 111287: 307639 | |
| LAW OFFICES OFRANDAL M BARNUM | FILED |
| 279 East H Street, BENICIA, CA 94510 | 9/30/2020 11:53 AM |
| TELEPHONE NO.:(707) 745-3747    FAX NO.:(707) 745-4580 | Clerk of the Napa Superior Court |
| ATTORNEY FOR *(Name):* Plaintiff, KATHY BATTERSBY | By: Isabel Rodriguez, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF NAPA
STREET ADDRESS: 825 Brown St
MAILING ADDRESS: 825 Brown St
CITY AND ZIP CODE: Napa 94559
BRANCH NAME: Historic Courthouse

CASE NAME: KATHY BATTERSBY, Plaintiff, v. UMPQUA BANK; and Does 1 through 50 inclusive, Defendant.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☒ Unlimited ☐ Limited (Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 20CV000969  JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

   **Auto Tort**
   ☐ Auto (22)
   ☐ Uninsured motorist (46)
   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   ☐ Asbestos (04)
   ☐ Product liability (24)
   ☐ Medical malpractice (45)
   ☐ Other PI/PD/WD (23)
   **Non-PI/PD/WD (Other) Tort**
   ☐ Business tort/unfair business practice (07)
   ☐ Civil rights (08)
   ☐ Defamation (13)
   ☐ Fraud (16)
   ☐ Intellectual property (19)
   ☐ Professional negligence (25)
   ☐ Other non-PI/PD/WD tort (35)
   **Employment**
   ☒ Wrongful termination (36)
   ☐ Other employment (15)

   **Contract**
   ☐ Breach of contract/warranty (06)
   ☐ Rule 3.740 collections (09)
   ☐ Other collections (09)
   ☐ Insurance coverage (18)
   ☐ Other contract (37)
   **Real Property**
   ☐ Eminent domain/Inverse condemnation (14)
   ☐ Wrongful eviction (33)
   ☐ Other real property (26)
   **Unlawful Detainer**
   ☐ Commercial (31)
   ☐ Residential (32)
   ☐ Drugs (38)
   **Judicial Review**
   ☐ Asset forfeiture (05)
   ☐ Petition re: arbitration award (11)
   ☐ Writ of mandate (02)
   ☐ Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
   ☐ Antitrust/Trade regulation (03)
   ☐ Construction defect (10)
   ☐ Mass tort (40)
   ☐ Securities litigation (28)
   ☐ Environmental/Toxic tort (30)
   ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
   **Enforcement of Judgment**
   ☐ Enforcement of judgment (20)
   **Miscellaneous Civil Complaint**
   ☐ RICO (27)
   ☐ Other complaint *(not specified above)* (42)
   **Miscellaneous Civil Petition**
   ☐ Partnership and corporate governance (21)
   ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☒ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☒ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☒ punitive
4. Number of causes of action *(specify):* 4
5. This case ☐ is ☒ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 30 2020

Randal M. Barnum
(TYPE OR PRINT NAME)

*(signature)* 

(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov Westlaw Doc & Form Builder |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the*
  *case involves an uninsured*
  *motorist claim subject to*
  *arbitration, check this item*
  *instead of Auto)*
**Other PI/PD/WD (Personal Injury/**
**Property Damage/Wrongful Death)**
**Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or*
  *toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice—
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil*
  *harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer*
      *or wrongful eviction)*
  Contract/Warranty Breach—Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally*
  *complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent*
    *domain, landlord/tenant, or*
    *foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal*
  *drugs, check this item; otherwise,*
  *report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ—Administrative Mandamus
  Writ—Mandamus on Limited Court
    Case Matter
  Writ—Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal—Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.**
**Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex*
  *case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-*
    *domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified*
  *above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-*
    *harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified*
  *above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

# *Exhibit B*

*Exhibit B*

1  SEYFARTH SHAW LLP
Richard P. McArdle (*pro hac vice application forthcoming*)
2  E-mail:  rmcardle@seyfarth.com
Willis Tower
3  233 S. Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
4  Telephone:   (866) 460-3476
Facsimile:   (312) 460-7000
5

6  SEYFARTH SHAW LLP
Kelly L. Knudson (SBN 244445)
7  E-mail:  kknudson@seyfarth.com
Robin E. Devaux (SBN 233444)
8  E-mail:  rdevaux@seyfarth.com
560 Mission Street, 31st Floor
9  San Francisco, California 94105
Telephone:   (415) 397-2823
10  Facsimile:   (415) 397-8549

11  Attorneys for Defendant
UMPQUA BANK

FILED
10/30/2020 1:15 PM
Clerk of the Napa Superior Court
By: Lori Walker, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF NAPA

| | |
|---|---|
| KATHY BATTERSBY,<br><br>     Plaintiff,<br><br>     v.<br><br>UMPQUA BANK; and DOES 1 through 50,<br><br>     Defendant. | Case No. 20CV000969<br><br>**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Complaint filed:  September 30, 2020 |

66457341v.1

Defendant, Umpqua Bank, ("Defendant"), by and through its attorneys, Seyfarth Shaw, LLP, hereby responds to Plaintiff, Kathy Battersby's ("Plaintiff") Complaint as follows:

## GENERAL DENIAL

Pursuant to California Code of Civil Procedure section 431.30(d), Defendant generally denies each and every allegation and cause of action contained in Plaintiff's Complaint. In further answer to the Complaint and without limiting the generality of the foregoing, Defendant denies that Plaintiff has been damaged in any amount, or at all, by reason of any act or omission of Defendant.

## SEPARATE DEFENSES

In further answer to the Complaint, and as separate and distinct affirmative and other defenses, Defendant alleges as follows, without thereby assuming the burden of proof on any defense on which it would not otherwise have the burden of proof by operation of law.

## FIRST DEFENSE

### (Failure to State a Claim for Relief - All Causes of Action)

The Complaint, and each purported cause of action alleged therein, fails to state causes of action upon which relief can be granted.

## SECOND DEFENSE

### (Statute of Limitations - All Causes of Action)

The Complaint, and each purported cause of action contained therein, is barred by the applicable statute of limitations, including but not limited to, California Code of Civil Procedure sections 335.1, 338, 340, and 343, and California Government Code sections 12960 and 12965.

## THIRD DEFENSE

### (Waiver - All Causes of Action)

Plaintiff, by her own conduct and actions, has waived his right to assert the purported claims contained in the Complaint and each purported cause of action therein against Defendant.

## FOURTH DEFENSE

### (Ratification - All Causes of Action)

Plaintiff's Complaint, and each purported cause of action alleged therein, is barred to the extent that Plaintiff ratified Defendant's alleged actions.

1

66457341v.1

**FIFTH DEFENSE**

**(Estoppel - All Causes of Action)**

Plaintiff, by her own conduct and actions, is barred by the doctrine of estoppel from pursuing her Complaint and each purported cause of action contained therein.

**SIXTH DEFENSE**

**(Laches - All Causes of Action)**

Plaintiff is barred by the doctrine of laches from pursuing the Complaint, and each purported cause of action alleged therein, because Plaintiff exercised inexcusable delay in commencing this action.

**SEVENTH DEFENSE**

**(Unclean Hands - All Causes of Action)**

Plaintiff's Complaint, and each and every cause of action alleged therein, is barred by the doctrine of unclean hands.

**EIGHTH DEFENSE**

**(Judicial Estoppel - All Causes of Action)**

Plaintiff's Complaint, and each and every cause of action alleged therein, is barred by the doctrine of judicial estoppel.

**NINTH DEFENSE**

**(Collateral Estoppel and Res Judicata - All Causes of Action)**

Plaintiff's Complaint, and each and every cause of action alleged therein, is barred by the doctrines of collateral estoppel and res judicata.

**TENTH DEFENSE**

**(Failure to Take Advantage of Preventative/Corrective Opportunities/Avoidable Consequences - All Causes of Action)**

Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to otherwise avoid harm. To the extent Plaintiff suffered any alleged harm, Plaintiff's reasonable use of such procedures would have prevented all, or part, of the harm allegedly suffered by Plaintiff. Accordingly, Plaintiff's claims are barred or, alternatively, her relief is limited.

66457341v.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### ELEVENTH DEFENSE

**(Failure to Mitigate - All Causes of Action)**

Plaintiff is barred from recovering any compensatory damages, and/or any recovery for compensatory damages must be reduced, by virtue of her failure to exercise reasonable diligence to mitigate her alleged damages.

### TWELFTH DEFENSE

**(Scope of Employment - All Causes of Action)**

Defendant is not liable for the alleged conduct of its employees to the extent that such conduct was outside the course and scope of their employment.

### THIRTEENTH DEFENSE

**(Legitimate Non-Discriminatory Factors - All Causes of Action)**

Plaintiff may not obtain the relief requested in her Complaint because any adverse employment actions taken against her were based on legitimate, non-discriminatory and/or non-retaliatory factors and not any protected characteristic.

### FOURTEENTH DEFENSE

**(Lack of Knowledge - All Causes of Action)**

Plaintiff's claims are barred because Defendant was not aware of, and had no basis to suspect, the discrimination, harassment, and/or retaliation alleged in Plaintiff's Complaint.

### FIFTEENTH DEFENSE

**(Setoff - All Causes of Action)**

To the extent Plaintiff has received other benefits and/or awards attributable to an injury for which she seeks compensation in this case, such benefits and/or awards should offset, in whole or in part, any award she receives here for the same injury.

### SIXTEENTH DEFENSE

**(Proper Exercise of Management Discretion - All Causes of Action)**

Any and all conduct of which Plaintiff complains or which is attributed to Defendant was a just and proper exercise of management discretion, at all times privileged and justified, and undertaken for fair and honest reasons or belief, in good faith and without malice.

3

66457341v.1

**SEVENTEENTH DEFENSE**

**(Lack of Causation - All Causes of Action)**

Plaintiff's alleged injuries and/or damages, if any, were not proximately caused by the acts or omissions of Defendant, and any injury and/or damages that Plaintiff alleges she suffered, if any, resulted from a cause or causes not legally or proximately related to any act or omission of Defendant. Further, to the extent Plaintiff suffered any symptoms of emotional distress or injury, they were the result of a pre-existing psychological disorder or alternative concurrent cause, and not the result of any act or omission of Defendant.

**EIGHTEENTH DEFENSE**

**(After-Acquired Evidence - All Causes of Action)**

Plaintiff's claims are barred, or she is precluded from recovering damages, to the extent that Defendant learns through after-acquired evidence that she engaged in any fraud or other misconduct that, if known, would have caused Plaintiff to be terminated.

**NINETEENTH DEFENSE**

**(Workers' Compensation Exclusivity - All Causes of Action)**

Any and all claims by Plaintiff based in whole or in part upon any alleged physical or emotional injury or distress are barred and preempted by the exclusivity provision of the California Workers' Compensation Act. Cal. Lab. Code §§ 132a and 3200 *et seq*.

**TWENTIETH DEFENSE**

**(Good Faith Participation in Interactive Process - Second and Third Causes of Action)**

Plaintiff's second and third causes of action are barred because Defendant attempted to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodation, if any, for her alleged disability, and Plaintiff was responsible for any breakdown in the interactive process.

**TWENTY-FIRST DEFENSE**

**(Undue Hardship - Second and Third Causes of Action)**

Plaintiff's second and third causes of action are barred because Plaintiff's alleged disability could not be accommodated without undue hardship to Defendant.

4

66457341v.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TWENTY-SECOND DEFENSE

### (Obligation to Accommodate Fulfilled - Second and Third Causes of Action)

Plaintiff's second and third causes of action are barred because Defendant fulfilled whatever obligations it may have had to reasonably accommodate Plaintiff's alleged disability to the extent possible in light of the business necessities.

## TWENTY-THIRD DEFENSE

### (Inability to Perform Essential Functions - Second and Third Causes of Action)

Plaintiff's second and third causes of action are barred because Plaintiff could not perform the essential functions of her position, with or without reasonable accommodation, in a manner which would not endanger the health or safety of herself or others.

## TWENTY-FOURTH DEFENSE

### (No Basis for Punitive Damages - All Causes of Action)

Plaintiff's Complaint, and each and every cause of action alleged therein, fails to allege facts sufficient to allow recovery of punitive or exemplary damages from Defendant.

## TWENTY-FIFTH DEFENSE

### (Punitive Damages Unconstitutional - All Causes of Action)

To the extent that Plaintiff seeks punitive or exemplary damages in his Complaint, he violates the rights of Defendant to protection from "excessive fines" as provided in the Eighth Amendment to the United States Constitution and in Article I, Section 17 of the Constitution of the State of California and the rights of Defendant to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and under the Constitution of the State of California.

## TWENTY-SIXTH DEFENSE

### (Lack of Jurisdiction Due to Binding Arbitration Agreement - All Causes of Action)

Plaintiff's Complaint, and each cause of action contained therein, is barred to the extent that Plaintiff's claims are covered by an applicable arbitration agreement.

66457341v.1

1

2

## TWENTY-SEVENTH DEFENSE

### (Failure to Comply with Employer Instructions - All Causes of Action)

3

4

5

Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff failed to comply with all the directions of her employer concerning the services for which she was engaged. Cal. Lab. Code § 2856.

6

## TWENTY-EIGHTH DEFENSE

7

### (Consent - All Causes of Action)

8

9

Plaintiff's Complaint is barred, in part, to the extent that Plaintiff consented to Defendant's conduct which she now claims forms the basis of her claims.

10

## TWENTY-NINTH DEFENSE

11

### (Same Decision - All Causes of Action)

12

13

14

15

To the extent that Plaintiff demonstrates her protected status was a substantial motivating factor for any challenged employment action, Defendant would have taken the same action absent the substantial motivating factor. As a result, the court may not award Plaintiff damages, back pay, or order reinstatement. *Harris v. City of Santa Monica*, 56 Cal. 4th 203, 211 (2013).

16

## THIRTIETH DEFENSE

17

### (Failure to Exhaust Administrative Remedies - First and Second Causes of Action)

18

19

20

Plaintiff's causes of action are barred to the extent she has failed to exhaust her administrative remedies and/or procedural remedies as required by California law, including but not limited to, those prescribed under the California Fair Employment and Housing Act.

21

## THIRTY-FIRST DEFENSE

22

### (National Bank Act Preemption - Third Cause of Action)

23

24

Plaintiff's claim for wrongful termination is barred to the extent it is preempted by the National Bank Act.

25

## RESERVATION OF RIGHTS

26

27

Defendant presently has insufficient knowledge or information upon which to form a belief whether there may be additional, as yet unstated, defenses. Defendant reserves the right to assert

28

66457341v.1

1  additional defenses in the event that discovery or investigation indicates that such defenses would be

2  appropriate.

3                                              **PRAYER**

4          WHEREFORE, Defendant prays for judgment against Plaintiff as follows:

5          1.      That Plaintiff takes nothing by way of her Complaint;

6          2.      That Defendant did not damage or harm Plaintiff, in any way;

7          3.      That judgment be entered in favor of Defendant and against Plaintiff on all causes of

8  action;

9          4.      That Defendant be awarded reasonable attorneys' fees according to proof;

10         5.      That Defendant be awarded its costs of suit incurred herein; and

11         6.      That Defendant be awarded such other and further relief as the Court may deem

12  appropriate.

13

14  Dated:  October 30, 2020                           Respectfully submitted,

15                                                     SEYFARTH SHAW LLP

16
                                                       By:_____
17                                                        Kelly L. Knudson
                                                          Robin E. Devaux
18
                                                       Attorneys for Defendant
19                                                     UMPQUA BANK

20

21

22

23

24

25

26

27

28

                                                   7
66457341v.1

# PROOF OF SERVICE

    I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 560 Mission Street, 31st Floor, San Francisco, California 94105. On October 30, 2020, I served the within document(s):

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

☐ I sent such document from facsimile machines (415) 397-8549 on October 30, 2020. I certify that said transmission was completed and that all pages were received and that a report was generated by said facsimile machine which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California, addressed as set forth below.

☐ by causing personal delivery of the document(s) listed above via Nationwide Legal LLC by messenger to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at San Francisco, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

Randal M. Barnum, Esq.
Jenna R. Avila, Esq.
LAW OFFICES OF RANDAL M. BARNUM
279 East H Street
Benicia, CA 94510
Telephone:    707.745.3747
Facsimile:    707.745.4580
*rbarnum@rmblaw.com*
*jnunes@rmblaw.com*
**Attorneys for Plaintiff KATHY BATTERSBY**

    I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

    I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on October 30, 2020, at San Francisco, California.

_____
Jennifer Doctor